# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**WORLDWIDE MACHINERY L.P.**,

    Plaintiff,

v,                                    **Civil Action No. 5:19-CV-208**
                                                Judge Bailey

**COLUMBIA GAS TRANSMISSION, LLC**,

    Defendant.

## ORDER DISMISSING COMPLAINT

Pending before this Court is defendant's Motion to Dismiss [Doc. 4]. In its motion, the defendant asserts that the plaintiff did not properly perfect its mechanic's lien on the subject property in that it did not timely serve notice upon the owner as required by West Virginia law.

Count Two of the Complaint for Enforcement of Mechanic's Lien [Doc. 1] seeks to enforce a mechanic's lien on property owned by the defendant. According to the plaintiff, it ceased providing equipment to the project on or about October 31, 2018. On February 22, 2019, or 114 days later, the plaintiff caused to be recorded in the Office of the Clerk of Wetzel County, West Virginia, a Notice of Mechanic's Lien against Columbia's property.

According to West Virginia Code § 38-2-11, the plaintiff was required to record the notice **and** to provide notice to the owner "by any of the methods provided by law for the service of a legal notice or summons," within one hundred days of the cessation of work on the project. In this case, the plaintiff accomplished neither within the 100 day period.

1

This flaw is fatal to plaintiff's mechanic's lien claim.

The consequence for failing to "perfect and preserve" a mechanic's lien is re-iterated in (s) 14:

> The failure of any person claiming a lien under this article to give such notice as is required . . . in the manner and within the time specified in such sections, or the failure of any such claimant of any such lien to comply substantially with all of the requirements of this article for the perfecting and preservation of such lien, within the time provided therefor in this article, shall, except as provided in section twenty of this article, operate as a complete discharge of such owner and of such property from all liens for claims and charges of any such . . . subcontractor . . . for any work claimed to have been performed and for any materials, machinery or other necessary equipment claimed to have been furnished in connection with such work.

W. Va. Code § 38-2-14.

In West Virginia "[m]echanic's lien statutes must be strictly construed with reference to those requirements upon which the right depends and liberally construed with reference to the manner in which the right is perfected." Syl. Pt. 3, **Badger Lumber Co. v. Redd**, 213 W. Va. 453, 583 S.E.2d 76 (2003) (quoting Syl. Pt. 1, **Earp v. Vanderpool**, 160 W. Va. 113, 232 S.E.2d 513 (1976)).

Discharge of a lien is required when a party misses the deadline for providing notice by even as little as one day. In **Means v. Kidd**, 136 W. Va. 514, 67 S.E.2d 740 (1951), the Court affirmed the dismissal (by demurrer) of a mechanic's lien lawsuit where a

2

materialman miscalculated by one day the statutory deadline to give a notice of mechanic's lien to the property owner. The deadline, then sixty days, passed on Sunday, November 2, 1949, but notice was not given until Monday, November 3, 1949. In Syllabus Point 2, the Court held, "When the notice . . . is not given to such owner until the next day after the last day of the sixty day period, and the last day of such period is a legal holiday, but not a Sunday, the failure to give such notice on or before the last day of the sixty day period renders it void and of no force or effect, terminates the right of such person to perfect and preserve such lien, and discharges the owner and the property from the lien claimed by such person." Syl. Pt. 2, **Means**, *supra*. *See also,* **Fisher v. Reamer**, 146 W. Va. 83, 92-93, 118 S.E.2d 76, 81 (1961) (citing **Means**, *supra*).

In **Amick v. C & T Development Co.**, the claimant's mechanic's lien was recorded just five days late, ninety-five days after completion of work on the project. The Court explained:

> The record of the present case shows that Michael Vandal last performed work in conjunction with the present matter on May 12, 1989, and that he did not file a notice of his lien until August 16, 1989, more than ninety days after the work was performed. Given this fact, given the language of W.Va. Code, 38–2–32, and given the holding in the **Sturgill** case, this Court believes that the failure of Michael Vandal to file the appropriate notice of his lien within the time provided by law resulted in a discharge of that lien and that, under the circumstances, the appellant is correct in asserting that the trial court erred . . ..

***Amick v. C & T Dev. Co.***, 187 W. Va. 115, 119, 416 S.E.2d 73, 77 (1992).

In its opposition to the motion to dismiss, the plaintiff now takes the position that the last day it provided equipment to the project was November 28, 2018, rather than October 31. This change of facts was stated in the plaintiff's brief in opposition to the motion to dismiss [Doc. 6], which is not a pleading. As such, this Court is compelled to disregard the factual content of the brief, since the motion before the Court challenges the sufficiency of the pleadings. See ***Davis v. Cole***, 999 F.Supp. 809, 813 (E.D. Va. 1998); ***Foster v. Fisher***, 2016 WL 900654, *7 (W.D. N.C. March 9, 2016) (Reideinger, J.). See also ***Rossman v. Lazarus***, 2008 WL 4181195, *10 (E.D. Va. Sept. 3, 2008) (Cacheris, J.) ("[I]t is 'axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss'") citing ***Katz v. Odin, Feldman & Pittleman, PC***, 332 F.Supp.2d 909, 917 n. 9 (E.D. Va. 2004).

Even if this Court were to countenance the provision of the new date, the provision of the notice to Columbia was untimely. From November 28, 2018 to March 12, 2019, is 104 days. For the above reasons, Count Two of the Complaint is dismissed with prejudice.

Count One of the Complaint seeks to recover from the defendant under the theory of unjust enrichment. Under the law of unjust enrichment, if benefits have been received and retained under such circumstance that it would be inequitable and unconscionable to permit the party receiving them to avoid payment therefor, the law requires the party receiving the benefits to pay their reasonable value.

Plaintiff is unable to sustain its claim for unjust enrichment. Under West Virginia law, there can be no recovery for unjust enrichment if there is an express contract covering the

4

same subject matter. In this case, Worldwide's claims are predicated on underlying express contractual agreements between Columbia, Welded, and Worldwide. *See* ***Case v. Shepherd***, 140 W. Va. 305, 311, 84 S.E.2d 140, 144 (1954) ("An express contract and an implied contract, relating to the same subject matter, can not co-exist."); ***Ohio Valley Health Servs. & Educ. Corp. v. Riley***, 149 F.Supp.3d 709, 720–22 (N.D. W.Va. 2015) ("quasi-contract claims, like unjust enrichment or quantum meruit, are unavailable when an express agreement exists because such claims only exist in the absence of an agreement.")

The West Virginia Supreme Court of Appeals reversed a judgment for a subcontractor's quantum meruit claim under analogous circumstances in ***Rosenbaum v. Price Constr. Co.***, 117 W. Va. 160, 184 S.E. 261 (1936). In ***Rosenbaum***, a defaulted subcontractor's surety hired a completion contractor to perform work for a general contractor. The completion contractor obtained a judgment against the general contractor and the general contractor's surety for an "implied contract" on a theory of quantum meruit. The Court reversed, holding in Syllabus Points 3 and 4:

> 3. An implied contract and an express one covering the identical subject-matter cannot exist at the same time. If the latter exists, the former is precluded.
>
> 4. An implied contract cannot arise against one benefited by work performed, when the work is done under a special contract with another person.

*Id*., *supra*.

The Complaint, as well as the Notice of Mechanic's Lien attached to the Complaint, clearly alleges that (1) Welded was performing work pursuant to a contract with Columbia; and, in turn, (2) Worldwide was performing work for Welded in furtherance of Welded's contract with Columbia. Therefore, there can be no claim for unjust enrichment or quantum meruit.

For the reasons stated above, the defendant's Motion to Dismiss [**Doc. 4**] is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of the defendant and to **STRIKE** this action from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED:** August 5, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE